Park & Sim Global Law Group, LLP
39-01 Main Street, Suite 608
Flushing, NY 11354
Tel:  (718) 445-1300
Fax:  (718) 445-8616
petersimesq@yahoo.com
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WAYNE E. BURTON, Individually and on BEHALF OF ALL OTHER COLLECTIVE PERSONS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>MRS BAKING DISTRIBUTION CORP., IRA LAMBERT, STEVE BEORGEO, SAL BATTAGLIA and JOHN DOES #1-10, Jointly and Severally,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE ACTION**<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, **WAYNE E. BURTON** (hereinafter, "Plaintiff"), on behalf of himself and all other collective persons similarly situated including current and former employees of the Defendants (hereinafter, "FLSA Collective Plaintiffs" and collectively with Plaintiff, the "Plaintiffs"), by and through their undersigned attorney, hereby file this Complaint against Defendants **MRS BAKING DISTRIBUTION CORP., IRA LAMBERT, STEVE BEORGEO, SAL BATTAGLIA and JOHN DOES #1-10** (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

PS0032

## INTRODUCTION

1. Plaintiff **WAYNE E. BURTON** is an employee of Defendants **MRS BAKING DISTRIBUTION CORP., IRA LAMBERT, STEVE BEORGEO, SAL BATTAGLIA and JOHN DOES #1-10.**

2. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York Labor Law §§ 190 and 650 *et seq.* and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 141, 142, 143, and 146, including applicable liquidated damages, interest, attorneys' fees and costs.

3. Upon information and belief, **IRA LAMBERT**, serves or served as owner, manager, officer, principal or agent of Defendant, **MRS BAKING DISTRIBUTION CORP.** and through its corporate entity operated the Domestic business corporation.

4. Upon information and belief, **STEVE BEORGEO**, serves or served as owner, manager, officer, principal or agent of Defendants, **MRS BAKING DISTRIBUTION CORP.** and through its corporate entity operated the Domestic business corporation.

5. Upon information and belief, **SAL BATTAGLIA**, serves or served as owner, manager, officer, principal or agent of Defendants, **MRS BAKING DISTRIBUTION CORP.** and through its corporate entity operated the Domestic business corporation.

6. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of forty (40) hours per week without receiving the appropriate compensation for the hours over forty (40) hours per week that they worked.

7. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and other similarly situated employees to work in excess of forty (40) hours per week without providing them with appropriate overtime compensation required by Federal and state law and regulations.

9. Plaintiff seeks certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C § 1367.

11. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 since the majority of Plaintiffs reside in the County of Queens, New York and a substantial part of the events or omissions giving rise to the claim occurred in the County of Queens, New York.

## THE PARTIES

12. Plaintiff WAYNE E. BURTON, resides in East Elmhurst, County of Queens, State of New York.

13. Plaintiff **WAYNE E. BURTON** consents to being party plaintiff pursuant to 29 U.S.C. 216(b) and bring these claims, based upon the allegations herein, as representative party of a prospective class of similarly situated individuals under 29 U.S.C. 216(b).

14. Upon information and belief, Defendant, **MRS BAKING DISTRIBUTION CORP.** is a domestic business corporation organized under the laws of New York, with a principal place of business located at 129-09 26TH Avenue, Flushing, New York 11747.

PS0032

15. Upon information and belief, Defendants **IRA LAMBERT, STEVE BEORGEO and SAL BATTAGLIA** are individuals who are believed to be officers, managers, shareholders, owners, principals or persons of responsibility of **MRS BAKING DISTRIBUTION CORP.** and who are believed to be residents and domiciliary of Rockland, New York, and they are responsible for the labor law compliance by Defendant, **MRS BAKING DISTRIBUTION CORP.** as well as legal compliance generally and thus are employers for purposes of the FLSA and NYLL.

16. Upon information and belief, Defendant, **MRS BAKING DISTRIBUTION CORP.** is a domestic business corporation organized under the laws of New York, with a principal place of business located at 129-09 26TH Avenue, Flushing, NY 11747.

17. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendants, whose identities are unknown at this time.

18. Defendant **IRA LAMBERT** possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

19. Defendant **IRA LAMBERT** determined the wages and compensation of the employees of Defendant Corporation, including Plaintiff, and established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

20. Defendant **STEVE BEORGEO** possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

21. Defendant **STEVE BEORGEO** determined the wages and compensation of the employees of Defendant Corporation, including Plaintiff, and established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

22. Defendant **SAL BATTAGLIA** possesses or possessed operational control over Defendants' Corporation, an ownership interest in Defendants' Corporation, or controlled significant functions of Defendants' Corporation.

23. Defendant **SAL BATTAGLIA** determined the wages and compensation of the employees of Defendant Corporation, including Plaintiff, and established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

24. The Defendants participated in the day-to-day operations of the business and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law §§ 2 and 651, and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

25. Upon information and belief, Defendants, **MRS BAKING DISTRIBUTION CORP.,** are fully licensed and insured business entities that provide services of the bakery business.

26. At all relevant times, Defendants, **MRS BAKING DISTRIBUTION CORP.,** were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

27. Upon information and belief, at all relevant times, each of Defendants **MRS BAKING DISTRIBUTION CORP., IRA LAMBERT, STEVE BEORGEO, SAL BATTAGLIA,** had gross revenues in excess of $500,000.00.

28. The Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

29. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

30. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated employees') employees within the meaning of 29 U.S.C. 201, *et seq.* and the New York Labor Law.

31. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

32. Upon information and belief, individual Defendant **IRA LAMBERT** operates Defendant Corporations as either an alter ego of herself, and/or fail to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

    (a) Failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    (b) Defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    (c) Transferring assets and debts freely as between all Defendants;

    (d) Operating Defendant Corporation for their own benefit as the sole or majority shareholder;

    (e) Operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

    (f) Intermingling assets and debts of his own with Defendant Corporation;

      (g) Diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

      (h) Other actions evincing a failure to adhere to the corporate form.

33. Upon information and belief, individual Defendant **STEVE BEORGEO** operates Defendant Corporations as either an alter ego of himself, and/or fail to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

      (a) Failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

      (b) Defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

      (c) Transferring assets and debts freely as between all Defendants;

      (d) Operating Defendant Corporation for their own benefit as the sole or majority shareholder;

      (e) Operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

      (f) Intermingling assets and debts of his own with Defendant Corporation;

      (g) Diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

      (h) Other actions evincing a failure to adhere to the corporate form.

34. Upon information and belief, individual Defendant **SAL BATTAGLIA** operates Defendant Corporations as either an alter ego of himself, and/or fail to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

(a) Failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) Defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) Transferring assets and debts freely as between all Defendants;

(d) Operating Defendant Corporation for their own benefit as the sole or majority shareholder;

(e) Operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) Intermingling assets and debts of his own with Defendant Corporation;

(g) Diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h) Other actions evincing a failure to adhere to the corporate form.

35. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs were directly essential to the business operated by Defendants.

36. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

37. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated non-exempt employees within the meaning of the FLSA, who were currently and formally employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

38.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

39.     This collective action class is so numerous that joinder of all members is impracticable and they would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

40.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

41.     At all relevant times, Defendants have been in the bakery business. Defendants currently own and operate a company for sale to the retail and wholesale customers.

42.     On or about May 5, 2004, Plaintiff, **WAYNE E. BURTON**, was hired by Defendants and/or their predecessors, as applicable to work as a Driver/ Delivery man for the distributor for their MRS College Point site up until July 5, 2018 when he was terminated. Plaintiff got rehired by Defendants on August 27, 2018 and continues to be employed by Defendants to date.

43.     During the employment of Plaintiff by Defendants, **WAYNE E. BURTON**, worked well in excess of forty (40) hours per week. During Plaintiff's employment by Defendants, he worked more than ten (10) hours a day, Sunday through Friday, including holidays. From on or about May 5, 2004 to December 31, 2004, Plaintiff worked Monday through Friday from 2:00 p.m. to 1:00 a.m. and Sunday from 3:00 p.m. to 1:00 a.m. Plaintiff was required to work Holidays and received zero (0) vacation days and was not given a lunch break. From on or about January 1, 2005 to December 31, 2015, Plaintiff worked Monday through Friday from 2:00 p.m. to 1:00 a.m. and Sunday from 3:00 p.m. to 1:00 a.m. Plaintiff was required to work Holidays and received seven (7) vacation days per year and was not given a lunch break. From on or about January 1, 2016 to December 31, 2017, Plaintiff worked Monday through Friday from 3:00 p.m. to 1:30 a.m. and Sunday from 3:30 p.m. to 1:30 a.m. Plaintiff was required to work Holidays and received seven (7) vacation days per year and was not given a lunch break. From on or about January 1, 2018 to June 27, 2018, Plaintiff worked Monday through Friday from 3:00 p.m. to 1:30 a.m. and Sunday from 4:00 p.m. to 1:30 a.m. Plaintiff was required to work Holidays and received zero (0) vacation days per year and was not given a lunch break. From commencement of employment to date, Plaintiff was paid weekly by check.

44.     Plaintiff suffered his first stroke on April 28, 2018 and was unable to work from April 28, 2018 to June 6, 2018. Plaintiff wanted to go on disability, but Defendants insisted that he does not. Defendants told Plaintiff that they will pay him for six (6) weeks of work. Instead, Defendants only paid Plaintiff for two (2) 40-hour work weeks and two (2) 20-hour work weeks.

45.     Plaintiff suffered a second stroke on June 28, 2018 and was unable to work from June 28, 2018 to August 26, 2018. Defendants gave Plaintiff mandatory two-week vacation with no pay. Defendants did not pay Plaintiff for time he had to take off due to his stroke. Therefore,

PS0032

Plaintiff had to go on Disability. Plaintiff was on disability for about 5-6 weeks and ended on August 24, 2018. Plaintiff was receiving $170.00 per week from disability.

46.     Plaintiff **WAYNE E. BURTON** received his compensation from the commencement of his employment to on or about December 31, 2005 at a rate of $650.00 per week. From January 1, 2006 to December 31, 2007 Plaintiff received his compensation of $990.00 per week. From on or about January 1, 2008 to December 31, 2013, Plaintiff received his compensation of $1090.00 per week. From on or about January 1, 2014 to December 31, 2014, Plaintiff received his compensation of $1,190.00 per week. From on or about January 1, 2015 to July 5, 2018 Plaintiff received his compensation of $1228.83 per week. From August 26, 2018 to present date, Plaintiff receives his compensation of $1,228.83 per week.

47.     It is understood that for all relevant periods, the per week rate of pay was supposed to be payment for forty (40) hours per week. The Plaintiff and upon information and belief, the Collective Plaintiffs were not paid the appropriate overtime premiums or spread of hours for work in excess of forty (40) hours per week from May 5, 2004 to December 31, 2016. On 2017, Defendants installed a clock in machine. From January 1, 2017 to date, Plaintiff was paid for forty (40) hour work week plus five (5) hour overtime each week even though Plaintiff worked about twenty (20) hours of overtime per week.  At all relevant pay periods, Plaintiff worked more than forty (40) hours per week, without proper overtime premium and spread of hours being paid.

48.     Defendants willfully violated Plaintiff **WAYNE E. BURTON**'s rights by paying failing to pay him the correct overtime and spread of hours compensation from May 5, 2004 to December 31, 2016. Plaintiff is a nonexempt employee who must be paid for all hours worked including overtime premium and spread of hours premium.

49. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for work performed in excess of 40 hours per week.

50. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other non-exempt employees.

51. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

52. The work performed by Plaintiff required little skill and no capital investment.

53. Upon information and belief, throughout all relevant time periods and during the course of Plaintiff's own employment and while the Defendants employed Plaintiff, Defendants failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA.

54. Plaintiff retained Park & Sim Global Law Group LLP to represent them and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

55. Plaintiff re-alleges and re-avers Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in the bakery business within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a). Further, Plaintiff is covered individual within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207 (a).

57. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

58. Upon information and belief, at all relevant times, each of Defendants, **MRS BAKING DISTRIBUTION CORP., IRA LAMBERT, STEVE BEORGEO, SAL BATTAGLIA,** had gross revenues in excess of $500,000.00.

59. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

60. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the hours provided for in the FLSA.

61. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

62. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

63. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA. No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under FLSA and New York Labor Law.

64. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

65. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

66. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C §216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW

67. Plaintiff re-alleges and re-avers Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68. At all relevant times, Plaintiff is employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

69. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff the correct overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

70. Defendants did not provide Plaintiff, and other similarly situated workers, with a notice of employment at the time of hiring, as required by New York Labor Law § 195(1).

71. Defendants provided wage statements along with the weekly check to Plaintiff. The wage statements only showed forty (40) hour work week and did not include overtime worked.

72. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours, as required by New York Labor Law § 652 and N.Y.C.R.R. Tit. 12 Section 142.

73. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

74. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

75. Defendants willfully violated Plaintiff's rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must be paid on an hourly basis.

76. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law,

from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid "spread of hours" premium due under the New York Labor Law in an amount to be determined at trial;

e. An award in the amount of $5,000.00, together with costs and attorneys' fees for failure to provide a notice of employment and $5,000.00 for Defendants' failure to provide statement of wages to Plaintiff with each payment of wages as required under New York Labor Law 195(1) and (3);

f. An award of liquidated damages in an amount equal to 100% of their damages as a result of Defendants' willful failure to pay overtime compensation wages pursuant to 29 U.S.C. § 216;

g. An award for lost wages, benefits and other remuneration in an amount to be determined at trial;

h. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law;

i. An award for punitive damages as a result of Defendants' gross, wanton or willful fraud, dishonesty and malicious wrongdoing;

j. An award for statutory penalties, and prejudgment and post judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

PS0032

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issue so triable as of right by jury.

Dated: October 19, 2018

                                                Respectfully submitted,

                                                _____
                                                Sang J. Sim, Esq. [ssim3467]
                                                Park & Sim Law Global Group, LLP
                                                39-01 Main Street, Suite 608
                                                Flushing, NY 11354
                                                Tel:   (718) 445-1300
                                                Fax:  (718) 445-8616
                                                petersimesq@yahoo.com
                                                *Attorneys for Plaintiff and FLSA Collective Plaintiffs*